LEWIS *v.* LOPER.

*(Circuit Court, S. D. Ohio, W. D.   July, 1891.)*

PARTNERSHIP—ACCOUNTING BETWEEN PARTNERS—MULTIFARIOUSNESS.
   A bill for accounting between partners is not multifarious because it relates to the transactions of two separate firms, of which the parties were the only members.

In Equity.   On demurrer to the bill for multifariousness.
*Ramsey, Maxwell & Ramsey,* for complainant.
*Alfred L. Browne,* for respondent.

SAGE, J.   The bill sets forth that the parties to this suit were equal partners in the oil business, under the firm name of Harold R. Lewis & Co., from December 23, 1878, until March 1, 1888, and that on the 25th of November they engaged as partners, under the firm name of Lewis & Loper, in the manufacture of binder-twine, rope, and other products connected with the general cordage business, Lewis having five-eighths interest in the profits and losses, and Loper three-eighths, and so continued until March 1, 1888, when both partnerships were dissolved. All of the assets of both partnerships, excepting a small tract of land of not much value, in Minnesota, belonging to the firm of Harold R. Lewis

& Co., have been collected and sold, and all the debts paid or satisfied, discharged or acquired by complainant, who has frequently called upon the defendant to adjust and settle the partnership accounts, and pay complainant the amount due him, which he avers is $46,364.77, with interest, but defendant refuses. The prayer is for an account and decree for the balance due complainant.

The objection that the bill is multifarious is not well founded. All the assets of both firms having been applied towards the payment of the debts, the only business remaining is to settle the accounts of the partners *inter sese*. That there were two firms, and that their transactions were entirely disconnected, does not matter. Each item of each account is the record of a separate and independent transaction. Had two bills been filed, as defendant insists there should have been, it would have been the duty of the court, under section 921, Rev. St. U. S., to consolidate the two causes, or at least to set them down for hearing together. There is no danger of confusion in attempting to settle in one cause and by one decree. The bill is for the settlement of mutual accounts between the parties. The mutuality is the basis of the jurisdiction in equity. It is not material whether they grew out of the transactions of one firm in which they were the only partners, or two firms, or half a dozen. In any event there could be but one decree, and that for the balance.

The demurrer will be overruled. The defendant will be allowed until the 1st of October, proximo, to prepare an answer, and present it to the court with an application for leave to file, provided that, whereas it is shown to the court that the defendant stipulated to file his answer in July, and that the time for taking testimony should date from September 15th, the leave to prepare answer and present it to the court as above shall be on condition that defendant stipulate that the taking of testimony may begin Tuesday, September 15, 1891.